Richard A. Hoyer (SBN 151931)
*rhoyer@hoyerlaw.com*
Nicole B. Gage (SBN 318005)
*ngage@hoyerlaw.com*
HOYER & HICKS
4 Embarcadero Center, Suite 1400
San Francisco, CA  94114
*tel* (415) 766-3539
*fax* (415) 276-1738

Attorneys for Plaintiff
JAMES VARGHESE,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES VARGHESE,<br><br>               Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC. and DOES 1-25, inclusive,<br><br>               Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA")**<br>**2) Retaliation in Violation of FEHA**<br>**3) Failure to Engage in the Interactive Process in Violation of FEHA**<br>**3) Failure to Accommodate in Violation of FEHA**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT** 1

Plaintiff JAMES VARGHESE brings this action against UNITED AIRLINES, INC. ("Defendant" or "United") and DOES 1-25 (collectively "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. Mr. Varghese has worked for United for almost 30 years. In 2006, he sustained a work-related back injury and was assessed to have a permanent partial disability as a result of that injury. Mr. Varghese was given various restrictions, which United accommodated for 11 years by transferring him from the day to the afternoon shift. The afternoon shift was less busy and allowed him to avoid heavy lifting and other activities that would exacerbate his injury. On August 1, 2018, Mr. Varghese learned that he was suddenly and inexplicably going to be transferred back to the day shift. He reminded his supervisor of his disability and provided relevant documentation detailing his need for a reasonable accommodation. Despite Mr. Varghese's repeated attempts to discuss the issue, he was ignored. While working the day shift, Mr. Varghese slipped and suffered another work-related back injury. He requested and was approved to take intermittent leave pursuant to the Family and Medical Leave Act ("FMLA") to care for his reinjured back. After Mr. Varghese began to use his leave, however, his supervisor began to retaliate against him and including giving the first negative performance review Mr. Varghese had ever received throughout his tenure at United. On February 4, 2019, Mr. Varghese attended a meeting to discuss his reasonable accommodations. He explained that he had been working the afternoon shift for 11 years without issue and the day shift was too hectic and required him to perform tasks that violated his restrictions. United claimed to not have a record of Mr. Varghese's accommodation. On May 9, 2019, after Mr. Varghese engaged legal counsel, United began accommodating him again by transferring him back to the afternoon shift. However, it continued to discriminate and retaliate against him by giving his office to another supervisor and instead placing him in

an open area with water leaks, excessive noise, and dust, while other, similarly situated employees were afforded clean and quiet office spaces to perform their work. Mr. Varghese continues to suffer from exacerbated symptoms of his disability such as inflammation and pain as a result of United's recent failure to accommodate him.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff was, at all relevant times herein, a resident of the State of California and employed by Defendant United as a Senior Supervisor in the Aircraft Maintenance Department at its facility in San Francisco, California.

3. Defendant United is a major American airline that operates throughout the United States. Defendant is incorporated in Delaware and headquartered in Chicago, Illinois.

4. Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1-25 and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true identities and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and thereby proximately caused Plaintiff's injuries alleged herein.

5. Plaintiff is informed and believed, and on that basis alleges, that, at all relevant times, each of the Defendants was the agent or employee of each of the remaining Defendants, and, in doing the things herein alleged was acting within the course and scope of such employment, and that Defendants authorized, ratified, and approved, expressly or implicitly, all of the conduct alleged herein.

6. The amount of damages exceeds $75,000.

7. This Court has jurisdiction under 28 U.S.C. §1332 because Plaintiff and Defendant are citizens of different States.

**COMPLAINT** 3

8. Venue is this district is proper pursuant to 28 U.S.C. § 1391(b) because, at all material times, Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Northern District of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff filed a timely charge of discrimination against Defendant with the California Department of Fair Employment and Housing ("DFEH"). Plaintiff received a right-to-sue notice from DFEH dated May 23, 2019, and has commenced this action in a timely manner.

## FACTUAL ALLEGATIONS

10. Mr. Varghese began working for United in 1990 and a Licensed Aircraft Maintenance Technician. In 2015, he was promoted to Senior Supervisor, a title created specifically to recognize his skills and contributions. The new job included responsibilities such as training technicians and providing leadership to the technicians and crew.

11. On February 4, 2006, Mr. Varghese sustained a work-related back injury while attempting to contain an oil spill that was flowing toward a hole that drained to the Bay. Mr. Varghese had to lift and carry approximately five bags of oil-absorbent material, each weighing about 50 to 60 pounds. While attempting to lift one of the bags, the strings got caught and broke, resulting in Mr. Varghese falling backward, twisting his trunk, and impacting on a rack. Mr. Varghese's injury was initially treated at United's medical facility, and he continued to receive treatment from Alliance Occupational Medicine and from a specialist thereafter.

12. Mr. Varghese was given restrictions not to lift, push, or pull more than 30 pounds and not to engage in some activities involving climbing. For 19 months, United accommodated those restrictions. On September 4, 2007, a Qualified Medical Evaluator ("QME") made an assessment that Mr. Varghese had a permanent partial disability resulting from his injury.

The report noted that United must continue to accommodate Mr. Varghese with the restrictions that were in place.

13. United agreed to transfer Mr. Varghese to an afternoon shift that was less busy and that allowed Mr. Varghese to avoid heavy lifting and other activities that would exacerbate his injury. Furthermore, in the years following his injury, chronic back pain prevented Mr. Varghese from exercising, and he became highly diabetic. Hyperglycemia caused him to have high blood sugar in the morning; however, since he was accommodated and working the afternoon shift, his work was not impacted. Until 2018, Mr. Varghese continued working the afternoon shift and performed well in his position.

14. On August 1, 2018, Mr. Varghese heard that his supervisor, Mohammed Buksh ("Buksh"), was planning on moving him back to the day shift, even though he had been receiving an accommodation to work the afternoon shift without issue for 11 years. That same day, Mr. Varghese sent an email to Buksh reminding him of his disability and need for accommodation. Buksh responded that they would talk at a later date.

15. The next day, Buksh ignored Mr. Varghese at work, so Mr. Varghese sent a follow-up email about his need for accommodation. On August 3, 2018, Mr. Varghese also sent Buksh the Independent Medical Panel report that detailed his need for a reasonable accommodation. Despite Mr. Varghese's repeated attempts to discuss the issue with Buksh, Buksh refused to do so.

16. On August 20, 2018, Buksh ordered Mr. Varghese to move to the day shift. The afternoon shift that Mr. Varghese worked for 11 years was given to a Junior Supervisor, presumably because it was not as fast-paced as the day shift.

17. On September 3, 2018, Mr. Varghese began working the day shift. The day shift was much busier than the afternoon shift and was more physically demanding. Mr. Varghese had

to walk, climb, and bend over significantly more than he had to do during the afternoon shift. Mr. Varghese's back pain began to worsen as a result of his need to work beyond his restrictions during the day shift.

18.     Mr. Varghese soon realized that one of the reasons the day shift was so much more demanding was because it was significantly understaffed, having 40% fewer staff than required. He also noted that personnel who were assigned to work on critical aircraft components were not properly trained or qualified. When Mr. Varghese brought these issues to Buksh's attention, Buksh told Mr. Varghese that it was his job to fix everything. Mr. Varghese tried to redistribute staff and provide training to unqualified technicians, but he was in severe pain and did not have the necessary resources to address all of the issues.

19.     On October 7, 2018, it was United Family Day and the day shift was extremely busy. Mr. Varghese was running around to complete various tasks and he slipped on a wet plastic sheet on the floor. He cleaned up and continued on with his day, but later began to experience back pain and went to United's medical facility for treatment, whereupon he was given an injection for pain relief and some other pain medications.

20.     Mr. Varghese requested FMLA leave to care for his reinjured back, and United approved him to take intermittent leave on December 19, 2018. Buksh, however, on at least one occasion, refused to approve the FMLA request.

21.      After Mr. Varghese began to use his FMLA leave, Buksh appeared to be upset with him and have animosity toward him. On January 30, 2019, Buksh gave Mr. Varghese a negative performance review. This was the first negative performance review that Mr. Varghese had received throughout his 30-year tenure with United. The negative review was unwarranted, as Mr. Varghese had just transferred to a new shift and made significant improvements with very minimal resources.

**COMPLAINT**                                                                                                                                        6

22. On February 4, 2019, Mr. Varghese attended a meeting to discuss his reasonable accommodations. Mr. Varghese explained that he had been receiving an accommodation to work the afternoon shift for 11 years without issue. United told him they did not see any record of his accommodation. Mr. Varghese sent the relevant documents once again, but United continued to refuse to accommodate him.

23. Mr. Varghese retained legal counsel and sent a detailed demand letter to the company on February 27, 2019, alleging claims for disability discrimination, retaliation, and failure to accommodate.

24. On May 9, 2019, only after United became aware that Mr. Varghese had retained legal counsel, the company began to accommodate him again by transferring him back to the afternoon shift, wherein he could work within his restrictions. However, despite the accommodation, United continued to discriminate and retaliate against Mr. Varghese.

25. Mr. Varghese's office was taken away and given to another supervisor. Mr. Varghese was instead placed in an open area with a desk and computer and told to perform his work there. The area was very loud as an autoclave machine and sanding booth were operating nearby, so Mr. Varghese had difficulty conducting phone calls. There was also a significant amount of dust from the sanding booth that Mr. Varghese regularly had to breathe in. Finally, there was a broken water fixture above his desk, and Mr. Varghese's desk and papers were regularly sprayed with water, to the point where he had to put buckets and pans on the floor to collect the water. Other supervisors, most of whom were junior to Mr. Varghese, were all afforded office spaces wherein they could efficiently perform their work.

///

///

///

**COMPLAINT** 7

## FIRST CAUSE OF ACTION

### (Disability Discrimination in Violation of FEHA)

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

26. At all relevant times herein, Plaintiff was employed by Defendant.

27. Defendant was aware that Plaintiff had a physical disability that limited his ability to engage in various strenuous activities.

28. Plaintiff was able to perform the essential functions of his job with reasonable accommodation for his disability.

29. Defendant discriminated against Plaintiff by giving him an unwarranted negative performance review, taking away his clean office space, and forcing him to work in an area with water leaks, dust, and excessive noise.

30. Plaintiff's disability was a substantial motivating reason for Defendant's above-mentioned conduct.

31. As a direct result of Defendant's discriminatory conduct, as alleged herein, Plaintiff was harmed.

32. Defendant's discriminatory conduct was a substantial factor in causing Plaintiff's harm.

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of FEHA)

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

33. Plaintiff engaged in protected activity by taking FMLA leave.

34. Defendant retaliated against Plaintiff by giving him an unwarranted negative

performance review, taking away his clean office space, and forcing him to work in an area with water leaks, dust, and excessive noise.

35. Plaintiff's taking FMLA leave was a substantial motivating reason for Defendant's above-mentioned conduct.

36. As a direct result of Defendant's retaliatory conduct, as alleged herein, Plaintiff was harmed.

37. Defendant's retaliatory conduct was a substantial factor in causing Plaintiff's harm.

## THIRD CAUSE OF ACTION

**(Failure to Engage in the Interactive Process in Violation of FEHA)**

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

38. At all relevant times herein, Plaintiff was employed by Defendant.

39. Defendant was aware that Plaintiff had a physical disability that limited his ability to engage in various strenuous activities.

40. Plaintiff requested that Defendant make reasonable accommodations for his disability, which it had previously been doing for years, so he would be able to perform the essential functions of his job.

41. Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential functions of his job.

42. Defendant failed to participate in a timely, good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made.

43. As a direct result of Defendant's conduct, as alleged herein, Plaintiff was harmed.

///

44. Defendant's failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

## FOURTH CAUSE OF ACTION

### (Failure to Accommodate in Violation of FEHA)

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

45. At all relevant times herein, Plaintiff was employed by Defendant.

46. Defendant was aware that Plaintiff had a physical disability that limited his ability to engage in various strenuous activities.

47. Plaintiff was able to perform the essential functions of his job with reasonable accommodation for his disability.

48. Defendant failed to provide Plaintiff with a reasonable accommodation.

49. As a direct result of Defendant's conduct, as alleged herein, Plaintiff was harmed.

50. Defendant's failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court order Defendant to pay damages to Plaintiff to compensate him for lost wages and benefits, together with interest at the legal rate, and emotional distress damages resulting from Defendant's unlawful actions;

2. That the Court order Defendant to pay Plaintiff exemplary or punitive damages pursuant to Civ. Code § 3294;

3. Such other relief as the Court deems just and proper.

///

Case 4:19-cv-04234-DMR   Document 1   Filed 07/23/19   Page 11 of 11

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims to which he has a right to jury trial.

Date: July 23, 2019                                    HOYER & HICKS



Richard A. Hoyer
Nicole B. Gage
Attorneys for Plaintiff
JAMES VARGHESE